(85 Misc. Rep. 51)

### HATCH v. WOLFF et al.

(Supreme Court, Appellate Term, First Department. April 14, 1914.)

1. EXECUTION (§ 117*)—EXECUTION AGAINST WAGES—STATUTORY PROVISIONS.
   Code Civ. Proc. § 1391, as amended by Laws 1911, c. 532, effective September 1, 1911, authorizes the issuance of an execution against wages, salaries, etc., and provides that so far as it relates to wages and salary it shall not apply to judgments recovered more than 10 years prior to September 1, 1908, and that any execution theretofore issued upon such judgments shall "when this act takes effect" cease to be a lien and continuing levy upon wages and salary thereafter to become due and owing. *Held*, that a judgment recovered in 1906, in an action on a former judgment recovered in 1889, was not within the exception as to judgments recovered more than 10 years prior to September 1, 1908.

   [Ed. Note.—For other cases, see Execution, Cent. Dig. § 272; Dec. Dig. § 117.*]

2. EXECUTION (§ 111*)—EXECUTION AGAINST WAGES—STATUTORY PROVISIONS.
   Where an execution was issued against the salary of a judgment debtor, prior to September 1, 1911, the judgment creditor was entitled to recover from the employer the amount due until September 1, 1911, assuming that the judgment upon which the execution was issued was within the exception as to judgments recovered more than 10 years prior to September 1, 1908.

   [Ed. Note.—For other cases, see Execution, Cent. Dig. §§ 216–225; Dec. Dig. § 111.*]

Appeal from City Court of New York, Trial Term.

Action by Simon Hatch against Jules Wolff and another, doing business as Wolff Brothers. From a judgment on a directed verdict for defendants, plaintiff appeals. Reversed, and new trial granted.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

John H. Regan, of New York City, for appellant.
Jacob Levy, of New York City, for respondents.

BIJUR, J. **[1, 2]** This action was brought against defendants as the employers of one Armand Wolff. Plaintiff had recovered a judg-

ment against Armand Wolff on July 10, 1906, which judgment was duly docketed, and shortly thereafter execution duly issued and returned unsatisfied. The action in which that judgment was obtained was based upon a previous judgment in favor of plaintiff, entered July 8, 1889, in the City Court of Brooklyn. In September, 1908, plaintiff obtained an order and execution against the salary of said Armand Wolff under section 1391 of the Code of Civil Procedure, which was duly served in October, 1908, upon the defendants directing them to pay to the sheriff $3.50 weekly; that being 10 per cent. of Armand Wolff's alleged salary. Plaintiff alleges that on October 15, 1912, there was due and payable under the order and execution from the defendants $731.50.

The only point made by respondents in support of the direction of a verdict in their favor is the citation of the last clause of section 1391 as amended by Laws 1911, c. 532, which provides that the section "shall not apply to judgments recovered more than ten years prior to September 1, 1908." As the judgment under which this execution was levied was recovered in 1906, it does not fall within the exception stated, and I am not pointed to any provisions express or implied which extend the exception to the date of the recovery of an original judgment upon which subsequent judgments may be based. Moreover, the other part of the same clause of the section, namely, "that any execution theretofore issued upon such judgments shall cease to be a lien when this act takes effect" (September 1, 1911), would, in any event, entitle the plaintiff to recover the amount due from defendants for the period from October 15, 1908, until September 1, 1911.

Judgment reversed, and a new trial granted, with costs to appellant to abide the event. All concur.